Commonwealth *v.* Gauci, Appellant.

Argued May 5, 1943. Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Michael S. Reps,* for appellant.

*Louis A. Bloom,* Assistant District Attorney, with him *Wm. B. McClenachan, Jr.,* District Attorney, for appellee.

Opinion by Kenworthey, J., July 16, 1943:

The single question is whether the evidence sustains the verdict of guilty.

Appellant was arrested on January 23, 1943, and indicted on four counts for setting up a dice game. The indictment was laid under the provisions of Sections 605 and 606 of the Penal Code, Act of 1939, June 24, P. L. 872, 18 PS §§4605, 4606. Section 605 provides: "Whoever sets up or establishes, or causes to be set up or established, any game or device of address, or hazard, at which money or other valuable thing may or shall be played for, or staked or betted upon ......" shall be guilty of a misdemeanor and, upon conviction, sentenced to pay a fine not to exceed $500 or to undergo imprisonment not exceeding one year, or both. He was found guilty and sentenced to pay a fine of $100 and costs and to imprisonment in Delaware County Jail for a period of six months to one year.

We are of opinion there is no evidence to support the last three counts. The second and third counts charged that he procured and permitted persons to collect and assemble, for the purposes of gambling, at premises "under his control"; the alleged violation occurred on the property of the Pennsylvania Railroad. The fourth count charged that he solicited and invited one John Smith to visit the said premises for the purpose of gambling; there was no such proof. But the verdict was a general one and the sentence was less than the maximum for any of the four counts so that if there is sufficient evidence to sustain a conviction on the first, judgment will be affirmed. *Com. v. Carr*, 137 Pa. Superior Ct. 546, 551, 10 A. (2d) 133.

In our opinion the evidence was sufficient to support the first count which charged that appellant did set up and establish a certain game of address and hazard with a device called 'dice.'

The evidence indicated that on the afternoon in ques-

tion, about the time the employees of the Sun Shipbuilding Corporation were leaving work to take a train from the Pennsylvania Railroad Station in Chester, Delaware County, appellant, with a colored man, went over to a dice game which was already in progress and remained there a few minutes. Appellant and the colored man then walked four or five feet from this game; appellant smoothed out a place on the ground with his feet, took a pair of dice and some money from his pocket, passed some money to the colored man and proceeded to roll the dice. Immediately thereafter, other persons gathered around and participated in appellant's game. Because of the crowd which gathered, the officer who made the arrest and who was the Commonwealth's principal witness, did not actually see appellant pass any money in the game, but he saw money passed by others. Appellant and fourteen others were arrested, the others having been discharged after paying fines. When appellant was arrested, he had on his person about $127 in cash and ten $100 War Bonds. The officer testified that appellant told him he was a stevedore by trade, that his home was in New York City, and that he had come to Chester for the purpose of meeting an unidentified friend who was going to get him a job.

That the officer did not actually see appellant place a bet is of no significance. He was charged with having set up and established the game and to sustain such an indictment it is not necessary for the Commonwealth to prove that he participated in it. *Com. v. Carr,* supra, at 552. He started the game with one who the jury might infer (from the fact that appellant passed him a sum of money) was an accomplice, and although a stevedore and out of a job, he was found in possession of a large sum of money. These were circumstances sufficient to enable the jury to find that he did "set up and establish" the game as charged.

Judgment of sentence is affirmed, costs to be paid by appellant, and defendant is ordered to appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with his sentence or any part of it that had not been performed at the time the appeal was made a supersedeas.